

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| LONDELL LASHUN ALSTON,  §<br>    Plaintiff,  §<br>  §<br>vs.  §<br>  §<br>CITY OF ROCK HILL, COUNTY OF YORK,  §<br>ROCK HILL POLICE DEPARTMENT JOHN  §<br>DOE #1, RHPD JOHN DOE #2, RHPD JOHN  §<br>DOE #3, ANDREW W. GALLANT, and JAIL  §<br>DIRECTOR CHIEF JOHN HICKS,  §<br>    Defendants.  § | | Civil Action No.: 0:23-4300-MGL |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION TO THE EXTENT IT DOES NOT CONTRADICT THIS ORDER, DISMISSING CLAIMS AGAINST CERTAIN DEFENDANTS, AND REMANDING THE CASE TO THE MAGISTRATE JUDGE**

Plaintiff Londell Lashun Alston (Alston), who is representing himself, filed an amended complaint against Defendants City of Rock Hill (Rock Hill), County of York, Rock Hill Police Department (RHPD) John Doe #1 (Doe #1), RHPD John Doe #2 (Doe #2), RHPD John Doe #3 (Doe #3), Andrew W. Gallant (Gallant), and Jail Director Chief John Hicks (Hicks).  He alleges violation of his constitutional rights under 42 U.S.C. § 1983.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court dismiss this case without prejudice and without issuance and service of process.  The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 17, 2024, and the Clerk's Office docketed Alston's objections on February 2, 2024.

For the most part, Alston makes nothing more than non-specific objections to the Report.  Nevertheless, in an abundance of caution, the Court has teased out several arguments, which it will briefly address below.  Moreover, besides the discussion below, the Court has reviewed the Report and the record de novo and found no error.

First, Alston appears to object to the Magistrate Judge's determination Doe #1 had reasonable suspicion his safety was at risk because there was a gun Alston failed to disclose to the officers.  Alston contends he was unaware there was a firearm in the glove compartment because he was borrowing the car, and he told Doe #1 of its presence when he saw it.

"A police officer's interest in self-protection arises when he reasonably believes that a suspect is armed and dangerous; at that point, he has an interest in 'taking steps to assure himself that the person with whom he is dealing is not armed with a weapon that could unexpectedly and fatally be used against him.'"  *United States v. Baker*, 78 F.3d 135, 137–38 (4th Cir. 1996) (quoting *Terry v. Ohio*, 392 U.S. 1, 23 (1968)).

2

Under the facts presented by Alston, the police officers knew he was armed, and reasonably believed he was dangerous. His removal from the vehicle and the search of his person were reasonable and consistent with the circumstances.

The Court will thus overrule this objection.

Second, Alston objects to dismissal of his claims against Doe #3, alleging he lied to Alston about what he was going to look at when searching his phone.

The subject of a consent search can limit the scope of his consent. *Florida v. Jimeno*, 500 U.S. 248, 252 (1991).

Here, Alston alleges he gave consent to search location services, but not pictures. He claims Doe #3, nevertheless, accessed the picture gallery on his phone.

The Court determines Alston's allegations are sufficient for his claim against Doe #3. Additionally, the Court recognizes that Alston has pending state criminal charges related to his claims in this case. *State v. Alston*, Nos. 2023A4610201800, 2023A4610201801, 2023A4610201802, 2023A4610201803, 2023A4610201804, 2023A4610201805, and 2023A4610201806 (York Cnty. 2023).

Although the Court may eventually hold Alston's claims against Doe #3 are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), such a determination is premature considering the face of the pleadings. *See id.* at 487 (requiring the district court in a Section 1983 claim to dismiss an action when a judgment in favor of the plaintiff would necessarily imply the invalidity of his state criminal conviction or sentence).

The Court will thus sustain this objection. Moreover, due to the unique circumstances of this case, the Court determines it is in the interests of justice to refrain from dismissing Rock Hill

at this time to facilitate service and identification of Doe #3.  The Court notes, as the Magistrate Judge determined, Rock Hill is likely ultimately entitled to dismissal.

Third, Alston objects to dismissal of his claims against Gallant, claiming Gallant falsely attested Alston had consented to the search that gave rise to probable cause for his arrest.  He also complains Gallant was absent from the stop, so lacked personal knowledge of the incident with which to write the affidavit for the arrest warrant.  Finally, he also posits Defendants' failure to issue him a traffic ticket defeats probable cause.

To state a constitutional claim for malicious prosecution, a plaintiff must allege:

> (i) the suit or proceeding was instituted without any probable cause; (ii) the motive in instituting the suit was malicious, which [is] often defined in this context as without probable cause and for a purpose other than bringing the defendant to justice; and (iii) the prosecution terminated in the acquittal or discharge of the accused.

*Thompson v. Clark*, 596 U.S. 36, 44 (2022) (quotation marks omitted) (citation omitted).  "To demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction."  *Id*. at 39.

Alston has failed to allege the criminal proceedings terminated in his favor.  In fact, as the Court noted above, the criminal proceedings remain pending.  The Court will thus overrule these objections, too.

Fourth, Alston also objects to the dismissal of his claims against Hicks.  It appears he posits Hicks's failure to heed Alston's concerns about the validity of his arrest, thus prolonging his detention, give rise to a claim.

Alston may be trying to bring a false imprisonment claim against Hicks.  False imprisonment and false arrest claims under Section 1983 "are essentially claims alleging a seizure

4

of the person in violation of the Fourth Amendment[.]" *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001). Detention pursuant to a facially valid warrant precludes a Section 1983 false imprisonment claim. *Cf. Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) (holding under Section 1983, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant.").

Because Alston's arrest warrant was facially valid, any false imprisonment claim against Hicks fails.

Additionally, construing Alston's amended complaint liberally, he may also attempt to raise a state law abuse of process claim against Hicks.

In South Carolina, "[t]he essential elements of an abuse of process claim are an ulterior purpose and a willful act in the use of the process not proper in the conduct of the proceeding." *Argoe v. Three Rivers Behavioral Ctr. & Psychiatric Sols.*, 697 S.E.2d 551, 556 (S.C. 2010) (quoting *Hainer v. Am. Med. Int'l, Inc.*, 492 S.E.2d 103, 107 (S.C. 1997)).

"Some definite act or threat not authorized by the process or aimed at an object not legitimate in the use of the process is required." *Hainer*, 492 S.E.2d at 107. A defendant will not be held liable for an abuse of process, however, where it has "done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Id.*

Alston has failed to make allegations of any illegitimate definite act or threat by Hicks. Therefore, any abuse of process claim fails, as well.

Accordingly, the Court will also overrule this objection.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules the objections to the extent described above, adopts the Report to the extent it is not contradicted by this order, and incorporates it herein. Therefore, it is the

judgment of the Court claims against Defendants County of York, Doe #1, Doe #2, Gallant, and Hicks are **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process. This matter is **REMANDED** to the Magistrate Judge for further proceedings regarding Doe #3 and Rock Hill.

    **IT IS SO ORDERED.**

Signed this 14th day of May 2024, in Columbia, South Carolina.

                                              s/ Mary Geiger Lewis
                                              MARY GEIGER LEWIS
                                              UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.